**Irving V. BOBERSKI, Plaintiff,**

v.

**T. Timothy RYAN, Director of the Office of Thrift Supervision, and Office of Thrift Supervision, United States Department of Treasury, Defendants.**

**No. 92 C 4009.**

United States District Court, N.D. Illinois, E.D.

June 19, 1992.

Harry P. Lamberson, David S. Barritt, Jose J. Behar, Chapman and Cutter, Chicago, Ill., for plaintiff.

Harris Weinstein, Brian McCormally, Aaron B. Kahn, David H. Enzel, Thomas E. Karmgard, Teresa Scott, Washington, D.C., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is plaintiff Irving V. Boberski's ("Boberski") motion for a temporary restraining order enjoining enforcement of, and for a stay of, an order by defendant Office of Thrift Supervision ("OTS") suspending Boberski from his positions as president and chief executive officer of Avondale Federal Savings Bank of Chicago ("Avondale").[1] For reasons that follow, the motion is denied.

## FACTS

Following a formal investigation of Avondale by OTS, the primary federal regulator of the savings and loan industry, defendant T. Timothy Ryan, OTS Director, issued a notice of charges and cease and desist order against Boberski on June 12, 1992. An accompanying order immediately suspended Boberski from his Avondale positions. The charges, issued pursuant to 12 U.S.C. § 1818(b), included allegations that Boberski improperly paid personal expenses with Avondale funds, allowed his wife's personal use of a Mercedes Benz owned by Avondale, and charged various personal expenses on Avondale credit cards. The items allegedly charged include a wide variety of goods—including a doghouse, handgun, housewares, garden supplies and tools—purchased at hardware stores near Boberski's primary home in Lake Forest, Illinois, and near his vacation homes in Sister Bay, Wisconsin and Naples, Florida. Boberski also allegedly made improper purchases on Avondale accounts of camera equipment, reading materials, meals, and fuel. Many of these purchases

---

1. Boberski is also seeking a preliminary injunction. The court, however, need not address that request at this stage of the lawsuit.

were allegedly made during trips by Boberski and his relatives to England, Mexico, Florida, Massachusetts, New York, Virginia, and Kentucky, among other locales. OTS is seeking restitution from Boberski on these charges of approximately $400,000.

Additional restitution is being sought for Boberski's alleged donation in 1989 of an Avondale-owned parcel of land in Lake Forest, where Boberski has lived for over 20 years, for the creation of a public park. The Lake Forest Open Lands Association, to which the land was given, allegedly agreed in writing to Boberski's requests that the park be named after Boberski and that Boberski's wife be named to the association's board of directors. The land was allegedly appraised at approximately $1.2 million shortly after the donation, and Avondale allegedly received a $400,000 tax benefit as a result. OTS alleges that the donation was not made for any proper business purpose of Avondale, but rather for the personal aggrandizement of Boberski and his wife. The merits of these charges will be determined in administrative proceedings within OTS, with a final determination by Director Ryan, which may then be appealed to an appropriate United States Court of Appeals. *See* 12 U.S.C. § 1818(h)(1), (2). In the administrative proceedings, OTS is seeking Boberski's permanent removal from Avondale and a ban on any future employment of Boberski in the banking industry.

The immediate suspension of Boberski was imposed under 12 U.S.C. § 1818(e)(3) based on OTS's determination that such action was necessary to protect the interests of Avondale or its depositors. Boberski filed the instant action in this court on June 18, 1992 under 12 U.S.C. § 1818(f), seeking a stay of the suspension order until the administrative proceedings on the underlying charges are completed, as well as temporary and preliminary injunctive relief.

A hearing on Boberski's motions for a stay and for a temporary restraining order was held by this court on June 18, 1992. Counsel for Boberski and for OTS were allowed at that time to make oral and written submissions.

## DISCUSSION

■ The statutory provision authorizing federal district courts to stay suspensions such as is at issue here, 12 U.S.C. § 1818(f), does not list any standards for the court to apply. Both OTS and Boberski urge application of the traditional four-element test for stays: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits, (2) whether he will suffer irreparable injury unless a stay is granted, (3) whether other interested parties will be substantially injured by a stay, and (4) whether a stay will disserve the public interest. *See Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987) (general stay standard governs whether a habeas corpus petitioner should be released pending a state appeal); *Anonymous v. Federal Deposit Ins. Corp.,* 619 F.Supp. 866, 874 n. 30 (D.C.D.C. 1985) (stay under 12 U.S.C. § 1818(f)). The court agrees with the parties' suggestion.

■ The test for a temporary restraining order is similar. Therefore, discussion of the stay considerations in this case are equally applicable to Boberski's request for a TRO, and no separate TRO analysis will be necessary. The court further finds, as urged by OTS, that OTS need only present a prima facie case in support of the underlying charges against Boberski to justify the suspension order in this court. *See Parker v. Ryan,* 959 F.2d 579, 583–84 (5th Cir.1992) (discussing standard for judicial review of temporary OTS cease and desist order under 12 U.S.C. § 1818(c)(2); purpose of such review "is to ensure that a factual and statutory basis exists for the agency's action and that the temporary order comports with the scope of OTS's powers").

■ The notice of charges and cease and desist order against Boberski totalled 42 pages, with extensive details of Boberski's alleged misuse of bank funds and property. Attached to the notice of charges was a 33-page exhibit, listing hundreds of allegedly improper purchases by Boberski with bank funds, including the date, account, vendor, amount, description and city of each purchase. The suspension order, which also included a temporary cease and desist order, totalled 16 pages. Before this court, OTS has also submitted portions of Bober-

ski's deposition taken during the OTS investigation that resulted in the charges, and additional documentary evidence supporting the charges.

In his deposition, Boberski in effect concedes the existence of a prima facie case by admitting that two Mercedes Benzes owned by Avondale—a sedan which Boberski drove and a station wagon which Boberski's wife drove—were used for personal, non-Avondale purposes 5% and 20% percent of the time, respectively. Boberski also acknowledged that some personal purchases were made with Avondale funds. During the hearing before this court, Boberski's attorney conceded that some of Boberski's personal expenses were improperly paid by Avondale. The attorney, however, sought to minimize the extent of those payments and explain them as honest mistakes which have been corrected. Both the accuracy of the charges and Boberski's defenses, however, are matters to be dealt with at the administrative hearing.

Without detailing or discussing the charges any further here, the court finds that OTS has established a prima facie case against Boberski. OTS's power to suspend bank officials "may be necessary to protect the interests of depositors and to maintain public confidence in our banking institutions." *Federal Deposit Ins. Corp. v. Mallen,* 486 U.S. 230, 240–41, 108 S.Ct. 1780, 1788, 100 L.Ed.2d 265 (1988) (FDIC power to suspend indicted bank officers). To the extent necessary in this proceeding, OTS has shown that Boberski's suspension is necessary to protect Avondale or its depositors. Accordingly, Boberski has failed to show a strong likelihood of success on the merits, and his request for a stay and a temporary restraining order is denied on that basis.

### CONCLUSION

As set forth above, Boberski's motion for a stay and for a temporary restraining order is denied.

IT IS SO ORDERED.